UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

RONALD RICO and MICHELLE RICO          CASE NO. 14-26667-LMI

CHAPTER 7

      Debtors,
_____/

GOYA FOODS INC., d/b/a GOYA FOODS
OF FLORIDA,

      Plaintiff,

v.                                                                                      Adv. Case No.:

RONALD RICO and MICHELLE RICO,

      Defendants.
_____/

### ADVERSARY COMPLAINT FOR EXCEPTION TO DISCHARGE OF DEBTS

Plaintiff, GOYA FOODS INC., d/b/a GOYA FOODS OF FLORIDA, ("Goya"), by and through its undersigned counsel, files this Adversary Complaint pursuant to 11 U.S.C. §523(a)(2)(A), 11 U.S.C. §523(a)(4), and 11 U.S.C. §523(a)(6) and Rule 4007 seeking an exception to Discharge of Debts against Defendants, RONALD RICO and MICHELLE RICO, and in support thereof states:

### JURISDICTION AND VENUE

1.    At all material times hereto, Defendant, Ronald Rico was an employee of Goya, in charge of delivering Goya products to various customers, including Publix Super Markets, Inc. ("Publix").

2. On May 15, 2014, Goya filed suit in the 11th Judicial Circuit in and for Miami-Dade County, Florida, in case 14-12773-CA-31, against Defendant Ronald Rico due to his theft of $101,097.00 of property for his own use and benefit, which resulted in damages to Goya. A copy of the state court complaint is attached hereto as Exhibit A.

3. On June 6, 2014, Defendant Ronald Rico filed his answer, generally denying the allegations in the Complaint, and alleging no affirmative defenses. A copy of the answer is attached hereto as Exhibit B.

4. On July 28, 2014, Defendant Ronald Rico and his wife, Defendant Michelle Rico, filed a suggestion of Ch. 7 Bankruptcy in the state action.

5. Defendants Ronald Rico and Michelle Rico seek to discharge the debt owed to Goya through this bankruptcy. [D.E. 1 at 17]. In the schedules accompanying their bankruptcy petition, Defendants identify this as a joint debt. See Id.

6. However, as this debt represents money or property obtained by false pretenses, false representations, fraud, and/or larceny, and as Ronald Rico willfully and maliciously injured Goya resulting in a financial loss to Goya, Goya seeks an exception to the discharge of these debts pursuant to 11 U.S.C. §523(a)(2)(A), §523(a)(4), and §523(a)(6).

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157(a) and 1334.

8. This is a core proceeding pursuant to 28 U.S.C. §157(b)(I) and (J), and Goya consents to the entry of a final order and judgment by the Bankruptcy Court pursuant to Fed. R. Bankr. P. 7008(a)

9. Venue is proper in this district pursuant to 28 U.S.C. §1409.

10. All conditions precedent to the bringing of this action have been performed, waiver, satisfied or have occurred.

11. Goya has retained Buchanan Ingersoll & Rooney, P.C., to represent it in this action and has agreed to pay these attorneys their reasonable fees for the services rendered and costs incurred.

## GENERAL ALLEGATIONS

12. At all times material hereto, Ronald Rico delivered products from Goya to Publix and unloaded the product directly to the shelves of Publix. Ronald Rico also inventoried the product at Publix, and ordered Goya products as needed.

13. As part of his duties while working at Goya, Ronald Rico served two Publix locations: Store #375 and Store #112, both located in Miami-Dade County.

14. On or about August 12, 2013, Ronald Rico allegedly signed a "Witness Statement" wherein he stated that he had been over-ordering products for the stores for his own benefit. A copy of the Witness Statement is attached hereto as Exhibit C.

15. In Exhibit C, Ronald Rico admitted he over-ordered products for Publix Store #112 in 2012, and over-ordered products for Publix Store #375 since 2013.

16. Also as set forth in Exhibit C, Ronald Rico claims that, due to his actions, "at store #112, its total los[e] *sic* was $71,905.00 and at store #375, the total was $29,775.00. "

17. Ronald Rico goes on to further state: "I got this total from the report Robert Salazar[1] showed me."

---

[1] Robert Salazar, pursuant to Exhibit C, Ronald Rico's Witness Statement, is part of Publix Loss Prevention department.

18. On or about September 19, 2013, Dennis Wamsley, Director of Loss Prevention and Safety for Publix, sent Goya a letter attaching a copy of Ronald Rico's Witness Statement, claiming that because Ronald Rico was an employee of Goya's, Goya was responsible for Ronald Rico's actions. A copy of the letter is attached hereto as Exhibit D.

19. Publix claimed that Goya is responsible for the amount of $101,079.00 in products taken by Ronald Rico. Publix goes on to further state in its letter that it will settle for a payment of $72,000.00 to either be made by check to Publix within thirty days of its demand, or alternatively, that Publix would unilaterally deduct the total amount from future invoice payments.

20. Subsequently, Publix unilaterally credited itself $72,000.00 from subsequent invoice payments to Goya as a result of Ronald Rico's actions.

21. Goya did not benefit from Ronald Rico's unsanctioned actions, nor did Goya in any way instruct Rico to take said actions.

22. Upon learning of Ronald Rico's actions, Goya terminated the employment of Ronald Rico.

23. All conditions precedent to maintaining this action have been performed, fulfilled, or waived.

24. Goya has retained Buchanan Ingersoll & Rooney, P.C., to represent it in this action and has agreed to pay these attorneys their reasonable fees for the services rendered and costs incurred.

## COUNT I
## EXCEPTION TO DISCHARGE OF DEBTS PURSUANT TO 11 U.S.C. 523(a)(2)(A)

25. Goya re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

26. During the early part of 2012 and 2013, Ronald Rico converted $101,097.00, worth of products to his own use and benefit as set forth in Exhibit C.

27. Goya entrusted Ronald Rico to properly service the Publix account at stores #112 and #375.

28. Instead, Ronald Rico withheld and/or wrongfully took inventory from Publix for his own benefit and use, and profited from his actions to the ultimate detriment of Goya.

29. Specifically, Ronald Rico engaged in a scheme designed to defraud Publix and Goya wherein Ronald Rico

    A. ordered Goya products for Publix Stores #112 and #375,

    B. took possession of the Goya product to be delivered to Publix,

    C. removed Goya products from the items delivered to Publix,

    D. charged Publix for all Goya products ordered,

    E. and sold the purloined Goya products on the street, for his own benefit.

30. Accordingly, Ronald Rico induced Goya to place product for Publix onto the delivery truck driven by Ronald Rico, and then proceeded to defraud Goya by selling the product to Publix, and then, for his own benefit, purloined the product from Publix, to the ultimate detriment of Goya.

31. Rico's actions caused damages to Goya. Ronald Rico has damaged Goya's relationship with Publix and has caused Goya to incur damages in the amount of $72,000.00 as a

result of Ronald Rico's wrongful theft of goods from Publix, and Publix' unilateral taking of a credit against Goya's billings in said amount.

WHEREFORE, Plaintiff, GOYA FOODS INC., d/b/a GOYA FOODS OF FLORIDA, demands judgment against Defendant, RONALD RICO, finding that the amounts owed by Debtors to Goya are excepted from discharge, lifting the automatic stay pursuant to 11 U.S.C. §362(c)(2)(C), and any further relief this Court deems just and necessary.

## COUNT II
### EXCEPTION TO DISCHARGE OF DEBTS PURSUANT TO 11 U.S.C. 523(a)(4)

32.  Goya re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

33.  Ronald Rico was an employee of Goya's at all material times.

34.  Goya entrusted Ronald Rico to properly service the Publix account at stores #112 and #375.

35.  As such, Ronald Rico owed a duty to Goya to act with the utmost good faith in the furtherance and advancement of the Goya's interests.

36.  Contrary to this requirement, Ronald Rico wrongfully took Goya products from Publix for his own benefit and use, and profited from his actions to the ultimate detriment of Goya.

37.  During 2012 and 2013, Ronald Rico, for his own benefit, converted $101,097.00, worth of products to his own use and benefit as set forth in Exhibit C.

38.  Specifically, Ronald Rico engaged in a scheme designed to defraud Publix and Goya wherein Ronald Rico:

      A.    ordered Goya products for Publix Stores #112 and #375,

      B.    took possession of the Goya product to be delivered to Publix,

      C.    removed Goya products from the items delivered to Publix,

      D.    charged Publix for all Goya products ordered,

      E.    and sold the purloined Goya products on the street, for his own benefit.

39. Ronald Rico's actions constitute larceny.

40. Ronald Rico's actions caused damages to Goya. Rico has damaged Goya's relationship with Publix and has caused Goya to incur damages in the amount of $72,000.00 as a result of Rico's wrongful theft of goods from Publix, and Publix' unilateral taking of a credit against Goya's billings in said amount.

WHEREFORE, Plaintiff, GOYA FOODS INC., d/b/a GOYA FOODS OF FLORIDA, demands judgment against Defendant, RONALD RICO, finding that the amounts owed by Debtors to Goya are excepted from discharge, lifting the automatic stay pursuant to 11 U.S.C. §362(c)(2)(C), and any further relief this Court deems just and necessary.

## COUNT III
## EXCEPTION TO DISCHARGE OF DEBTS PURSUANT TO 11 U.S.C. 523(a)(6)

41. Goya re-alleges and incorporates paragraphs 1 through 24 as if fully set forth herein.

42. Ronald Rico was an employee of Goya's at all material times hereto. Thus, Goya had an oral employment agreement with Ronald Rico in which Ronald Rico owed a duty of good faith and fair dealing with regard to the Goya property which he was entrusted with protecting while in transit and delivery.

7

43. Further, Goya entrusted Ronald Rico to properly order Goya product for Publix Stores #112 and #375, and to deliver to Publix all Goya product ordered.

44. Contrary to this, Ronald Rico wrongfully took inventory from Publix for his own benefit and use, to the ultimate detriment of Goya.

45. During 2012 and 2013, Ronald Rico, for his own benefit, converted $101,097.00, worth of products to his own use and benefit as set forth in Exhibit C.

46. Specifically, Ronald Rico engaged in a scheme designed to defraud Publix and Goya wherein Ronald Rico:

   A. ordered Goya products for Publix Stores #112 and #375,

   B. took possession of the Goya product to be delivered to Publix,

   C. removed Goya products from the items delivered to Publix,

   D. charged Publix for all Goya products ordered,

   E. and sold the purloined Goya products on the street, for his own benefit.

47. Through his actions, Ronald Rico willfully and maliciously injured Goya and Goya's property.

48. Rico's actions caused damages to Goya. Rico has damaged Goya's relationship with Publix, Rico also caused Goya to incur damages in the amount of $72,000.00 as a result of Rico's wrongful theft of goods from Publix, and Publix' unilateral taking of a credit against Goya's billings in said amount.

WHEREFORE, Plaintiff, GOYA FOODS INC., d/b/a GOYA FOODS OF FLORIDA, demands judgment against Defendant, RONALD RICO, finding that the amounts owed by Debtors to Goya are excepted from discharge, lifting the automatic stay pursuant to 11 U.S.C.

8

§362(c)(2)(C), and any further relief this Court deems just and necessary.

DATED this 20Th day of August, 2014.

                              Respectfully submitted,

                              /s Jose R. Florez
                              Jose Florez, Esq.
                              Florida Bar No. 43897
                              **BUCHANAN INGERSOLL & ROONEY, P.C./**
                              **FOWLER WHITE BOGGS P.A.**
                              1200 East Las Olas Boulevard, Suite 500
                              Fort Lauderdale, Florida 33301-2468
                              Telephone:   (954) 335-1607
                              Facsimile:    (954) 414-2124
                              Jose.Florez@bipc.com
                              ***Attorneys for Plaintiff***